UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| DAVID BOWEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-168-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff David Bowen ("Bowen" or "the Claimant") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("the Commissioner"). [Record Nos. 7, 8] Through this action, Bowen seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a period of disability and disability insurance benefits. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Bowen.

**I.   BACKGROUND**

This action was filed following the denial of Bowen's second application for benefits. Bowen filed his first application for disability insurance benefits January 20, 1999. (Tr. 50) An unfavorable decision was issued by an ALJ November 22, 1999. (Tr. 47-63) Having been denied by the Appeals Council, Bowen filed an appeal with this Court. That appeal was denied

and the decision of the Commissioner was affirmed on March 31, 2003. [Case No. 7: 02-147-DCR]

Bowen filed his current application for a period of disability and disability insurance benefits on April 3, 2002 (Tr. 22, 85-87). This application also was denied (Tr. 66-69). Thereafter, the Claimant timely pursued and exhausted his administrative remedies available before the Commissioner, including two administrative hearings before an ALJ (Tr. 346-389).

Bowen was 47 years old on May 28, 2004 – the date of the ALJ's final decision (Tr. 22-33, 350). The Claimant asserts that he has an 8th grade education (Tr. 353). He has previously worked several jobs in the coal mining industry (Tr. 95). In the Disability Report filed in connection with his application for disability benefits, Bowen stated that he became unable to work in September 1998, due to back and right leg pain, high blood pressure, bad nerves and depression (Tr. 94).

The Claimant alleged that these medical conditions limited his ability to work because they caused pain, dizziness, lack of energy and a limited ability to stand without severe pain (Tr. 94). At the administrative hearing, Bowen also testified that he had a hearing impairment (Tr. 366). After a review and evaluation of the medical evidence of record and subjective testimony at two administrative hearings, along with the testimony of a vocational expert ("VE"), the ALJ found that Bowen was not disabled (Tr. 22-33).

The ALJ concluded that, contrary to the Claimant's allegation of disability, he retains the residual functional capacity to perform light work, with lifting up to 20 pounds occasionally and 10 pounds frequently; a sit/stand option at will; no frequent or repetitive lifting, bending, turning

or twisting; and moderately limited in his ability to do the following: maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without unreasonable amounts of rest periods; interact appropriately with the general public; and respond appropriately to changes in the work setting; but with the ability to do the following: understand and recall material; maintain the mental effort needed to complete tasks; function in an object focused setting; and handle routine situations (Tr. 32, Finding No. 6).

Having received an unfavorable decision from the ALJ on May 28, 2004 (Tr. 22-33), Bowen appealed the decision to the Appeals Council. The Appeals Council denied his request to review the ALJ's decision (Tr. 4-6). This appeal followed.

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R.

§404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v.*

*Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Secretary of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Secretary of Health*

*and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Secretary of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   ANALYSIS

Bowen argues that the decision of the Commissioner should be reversed because it is not supported by substantial evidence. [Record No. 7, pg. 10]  Specifically, he asserts that the ALJ improperly discounted the opinion of a treating psychologist and instead relied on the opinion of a reviewing psychologist.  According to the Claimant, this improper reliance caused the ALJ to submit an improper hypothetical to the VE who, when presented with Bowen's actual limitations, found no jobs which Bowen could work.  [Record No. 7, pg. 7-8]

#### Treating Physician

Bowen argues that the ALJ gave improper weight to the findings of Dr. Jane Brake, and discounted the testimony of Dr. Holean, a treating psychologist.  While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s).  Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.")

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004), the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques; (2) it is inconsistent with substantial evidence in the record; (3) it does not identify the evidence supporting its finding; and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record.

In this case, the ALJ found that the testimony of Dr. Holean was contradicted by the testimony of Dr. Dumas, Bowen's treating psychiatrist at the Mountain Comprehensive Care Center ("MCCC"). While Dr. Holean offered an opinion that Bowen's mental functioning was "poor" (Tr. 322-324), MCCC records indicate that during this same time period Dr. Dumas was characterizing Bowen's mood as "much improved" and that his depression was being "fairly well treated" by the medication. (Tr. 304) Given this contradiction by the substantial medical evidence, it was not unreasonable for the ALJ to weight Dr. Brake's testimony more heavily than Dr. Holean's testimony. In addition, conditions which can be controlled by medication are not disabling. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922 (6th Cir. 1987)

Because the Court finds that the ALJ's credibility determination as to the weight which should be accorded to the opinions of the respective psychologists and psychiatrists, it also concludes that the hypothetical presented to the VE was proper. The VE determined that given Bowen's RFC, he was capable of performing a number of light or sedentary jobs. [Record No. 8, pgs. 13-14] This testimony is substantial evidence which supports the Commissioner's decision that Bowen is not disabled. *See Davis v. Secretary of Health and Human Services*, 915 F.2d 186, 189 (6th Cir. 1990). Because it is the Commissioner's duty to evaluate the credibility of the VE's testimony, the Commissioner's decision should be affirmed. *Sias v. Secretary of Health and Human Services*, 861 F.2d 475 (6th Cir. 1988); *see also Born v. Secretary of Health and Human Services*, 923 F.2d 1168 (6th Cir. 1990); *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224 (6th Cir. 1988).

### IV.   CONCLUSION

The ALJ's opinion is supported by substantial evidence and the Claimant's arguments are without merit. Accordingly, it is hereby **ORDERED** as follows:

(1)   Plaintiff David Bowen's Motion for Summary Judgment [Record No. 7] is **DENIED**.

(2)   The Defendant Commissioner of Social Security's Motion for Summary Judgment [Record No. 8] is **GRANTED**.

(3)   The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 21st day of March, 2006.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**