UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| DAVID BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-168-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff David Bowen's Motion for Approval of Attorney Fee. [Record No. 15] The Plaintiff's counsel, Leonard Stayton, has provided evidence of an attorney fee agreement providing for a fee of 25 percent of any backpay award. Further, he states that the Social Security Administration has withheld a total of $45,368.74, representing 25% of the retroactive benefits which the Plaintiff received on his claim for disability insurance benefits and supplemental security income following remand of this claim by the United States Court of Appeals for the Sixth Circuit. After deducting the $7,000 fee for services rendered before the Office of Administrative Law Judges, he seeks the balance of $38,368.74 (which includes $2,049.49 being held in his escrow account).

In his response, the Commissioner takes issue with the assertion that attorney Stayton has expended 67.75 hours in this matter. Instead, of the time billed, 13 hours has been included from a case in which the Plaintiff was unsuccessful. Notwithstanding this fact, the Commissioner

states that the attorney fee sought is not excessive in light of other recent awards. *See Lockridge v. Astrue*, 2009 WL 127668 (E.D. Ky., Jan. 16, 2009) (opinion by Chief District Judge Coffman awarding contingency fee under § 406(b) which translated to approximately $702 per hour); and *Blagg v. Astrue*, U.S. Dist. Ct., E.D. of Ky., Northern Div., at Covington, No. 2: 06-43-WOB (July 17, 2009) (citing *Lockridge* and awarding contingent fee under § 406(b) which translated to approximately $700 per hour).  In light of the fact that this matter includes an appeal to the Sixth Circuit, the Commissioner states that he "will not object to the requested fee award in this case." [Record No. 18]

Having conducted an independent review of the fee request and supporting materials, the Court agrees with the Commissioner's assessment.  Thus, consideration of the fee petition will be based upon a total of 54.75 hours.  *Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261 (6th Cir. 1994).  However, under the circumstances presented, the Court does not find the fee request to be unreasonable.[1]  *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Accordingly, it is hereby

**ORDERED** the Plaintiff's Motion for Approval of Attorney Fee of $38,368.74 is **GRANTED** pursuant to 42 U.S.C. § 406(b).

This 3rd day of November, 2009.

---

[1]     The current motion does not request reimbursement for costs, including filing fees.  However, the Plaintiff's motion and attachments indicates that various filing fees were paid by the Plaintiff or his attorney. For example, Attachment No. 3 to the motion [Record No. 15] states that a filing fee of $350 was paid to the District Court on May 17, 2005.  The record of this proceeding reflects that on May 27, 2005, the Plaintiff filed a motion for leave to proceed *in forma pauperis*. [Record No. 1] That motion was granted on May 31, 2009. [Record No. 3]  Thus, the Plaintiff's motion contains incorrect representations in this regard.



Signed By:

*Danny C. Reeves* DCR

United States District Judge